IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK STERRENBERG, | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No. 3:26-CV-1419-E-BW |
| | § | |
| WILLOW BRIDGE PROPERTY | § | |
| COMPANY, et al., | § | |
|     Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Mark Sterrenberg, proceeding pro se, filed this action against Willow Bridge Property Company, ZRS Management, LLC, and other defendants on May 1, 2026. (*See* Doc. 3 ("Compl").) On May 5, 2026, Sterrenberg filed an Emergency Motion for Temporary Restraining Order ("TRO") against Defendants ZRS Management, LLC ("ZRS"), Bob Bone, and Stephanie Murphy. (*See* Doc. 5 ("TRO Motion") ("Mot'").) Bone is an attorney for ZRS, and Murphy is the property manager at Trinity Apartments, which is managed by ZRS. (*See* Compl. at ECF p. 2-3.)

In relevant part, the TRO Motion seeks an order from the Court prohibiting Defendants ZRS, Bone, and Stephanie from filing, pursuing, or taking any action in any state court eviction proceeding against Plaintiff based on the April 29, 2026 Notice to Vacate; prohibiting Defendants from deleting, altering, or destroying any surveillance footage, electronic communications, maintenance logs, or other evidence relevant to this case; and requiring Defendants to restore Sterrenberg's

access to the online rent portal and to accept rent through a traceable method.   (Mot. at ECF p. 2-3.)

Based on the relevant filings and applicable law, the Court **DENIES** the motion.  (Doc. 5.)

As a threshold matter, a preliminary injunction may issue only after notice is provided to the adverse party.  *See* Fed. R. Civ. P. 65(a)(1).  A court may issue a TRO without prior notice to the adverse party, but only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a preliminary injunction or TRO bears the burden of showing that she is entitled to it.  *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  Here, Defendants have not been served, and Sterrenberg has not shown that he has given notice to any adverse party of his request for injunctive relief under Federal Rule of Civil Procedure 65(a).  He also has not satisfied any of the procedural requirements for a TRO under Rule 65(b)(1).  Thus, his motion is subject to denial on these procedural deficiencies alone.

In addition to the procedural requirements, Sterrenberg must also satisfy the substantive requirements for a preliminary injunction to obtain injunctive relief.  Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of

2

persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quotation marks and citation omitted). A preliminary injunction is the exception, not the rule. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the adverse party; and (4) that the injunction will not disserve the public interest. *See Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). If the moving party fails to carry the "heavy burden" to satisfy each of these prerequisites, a preliminary injunction is not warranted. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, Sterrenberg's motion contains, at best, only speculative, conclusory allegations on each of the four requirements. *See Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2012 WL 3848122, at *3 (N.D. Tex. Sept. 5, 2012) ("Unsupported conclusory statements . . . are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."). First, Sterrenberg's allegations involve merely speculative harm—a potential eviction lawsuit. (*See* Mot. at ECF p. 3.) A risk of harm does not constitute irreparable harm for purposes of a preliminary injunction. *See Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 65 (N.D. Tex. 1986) ("[S]peculation is not sufficient to support a finding of an irreparable injury. Nor is the mere risk of harm irreparable injury." (internal citation omitted)). Rather,

3

"[t]here must be a present threat of substantial, noncompensable harm." *Id*. Sterrenberg's concern that an eviction lawsuit may be filed against him in the future and the speculative harm he alleges would result do not rise to the level of a substantial threat of suffering if the injunction is not granted or of irreparable harm.

In addition, Sterrenberg's allegations fail to show a substantial likelihood of success on the merits as his lawsuit implicates the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), and the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, which calls into question the Court's jurisdiction to enjoin state court proceedings. The AIA "generally bars federal courts from granting injunctions to stay proceedings in state courts." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008). An under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction over requests to enjoin state proceedings when "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Thus, abstention is appropriate to the extent Sterrenberg seeks injunctive relief protecting him from eviction proceedings in state court.

Furthermore, Sterrenberg does not allege any facts sufficient to support the remaining elements required to obtain a preliminary injunction. He therefore fails to

satisfy his heavy burden of showing that he is entitled to a preliminary injunction or TRO on this additional basis.

Accordingly, the Court **DENIES** Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 5).

**SO ORDERED** on May 11, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE