IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK STERRENBERG,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-1419-E-BW |
| | § | |
| WILLOW BRIDGE PROPERTY COMPANY, et al.,<br>Defendants. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are motions pertaining to Plaintiff Mark Sterrenberg's efforts to effect service on certain of the defendants in this case. (*See* Dkt. Nos. 21, 23, 25, 29.) For reasons that follow, the Court grants Sterrenberg additional time to effect service, denies his request to serve Defendant Garvin by alternative methods, and grants his motion for substituted service on Defendant Kennedy.[2]

[1] This pro se action has been automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 1.)

[2] The Court also cautions Sterrenberg as to his litigation practices. After a long period in which he took no action to serve any defendants in this action, he has filed motions for substituted service, filed supplements to one of those motions, and filed a motion requesting that the Court expedite its consideration of his motions. As to his "supplements," the court's rules provide for a motion, response, and reply. Sterrenberg has no right to supplements, notices, or other documents supporting a motion. In the event compelling circumstances arise after filing a motion that he strongly believes merits Court attention, he should either file an amended motion or seek leave of court to file the additional information. And he should be judicious in either of those options.

## I. BACKGROUND

Sterrenberg has sued the corporate owner of Loft+Row—an apartment complex where he and his wife formerly lived—a company that provided waste services at the apartment complex, and a manager at each of those companies. His deadline to effect service on the defendants is currently September 25. (*See* Dkt. No. 20 at 1-2.) On September 10, Sterrenberg filed a motion to extend his deadline to show proof of service stating that he has yet to serve Defendants Crystal Garvin and Sam Kennedy despite diligent efforts to do so. (Dkt. No. 25.)

Sterrenberg also requests court authorization to serve Garvin and Kennedy by alternative means. (Dkt. Nos. 21, 23.) He states that he has retained a processes server who has been unable to serve either of these defendants in person and has not effectively served them through certified mail.

## II. LEGAL STANDARDS

### A. Deadline to show proof of service

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, a plaintiff must file proof of service with the court. Fed. R. Civ. P. 4(*l*)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect

service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017).

**B. Substitute service**

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally; [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Fed. R. Civ. P. 4(e)(2)(A)-(B). Additionally, a plaintiff may also effectively serve an individual defendant under Rule 4 by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

This Court is located in the state of Texas, and Tex. R. Civ. P. 106 provides the methods for service in a state court. Rule 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
> > (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
> >
> > (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts

> showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> > (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
> >
> > (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

Under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Group, P.C.*, 2015 WL 4231746, at *1 (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service

under Rule 106(a) has been attempted "at the location named in the statement but has not been successful." Tex. R. Civ. P. 106(b). The plaintiff also must explain how the requested method of alternative service is likely to give the defendant actual notice of the lawsuit. *See* Tex. R. Civ. P. 106(b)(2) (authorizing method that "the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit").

## III. ANALYSIS

### A. The Court extends Sterrenberg's deadline to show proof of service as required by Rule 4(m).

The Court finds good cause to extend Sterrenberg's deadline to file proof of service on Defendants Garvin and Kennedy. The record reflects that Sterrenberg delayed considerably before initiating efforts to serve the defendants. (*See* Dkt. No. 18 at 3-4.) And the Court has already extended his deadline once. (*See id.*) Nonetheless, Sterrenberg has demonstrated diligent—albeit tardy—efforts to serve the defendants and chooses, in this instance, to extend Sterrenberg's deadline to give him a final opportunity to serve these two defendants.

### C. The Court grants in part and denies in part Sterrenberg's motions for substituted service.

#### 1. Sterrenberg has not demonstrated that the proposed methods of service are likely to give Garvin actual notice of this lawsuit.

The Court next considers Sterrenberg's requests to serve Garvin and Kennedy by alternative methods. As to Garvin, Sterrenberg states that an attempt was made to serve her by certified mail, return receipt requested, but that the green card proving

delivery was never returned. (Dkt. No. 23 at 2.) A professional process server then attempted to serve Garvin in person at her last known address, an apartment at Loft+Row, on September 7 but that an individual who said she was a resident but refused to give her name stated she did not know who Garvin is. (*Id.* at 2.) In a supplement to his motion, Sterrenberg states that a property manager at Loft+Row stated that Garvin was evicted from the apartment complex on February 11, 2026. (Dkt. No. 26.) Sterrenberg states, however, that mail addressed to Garvin was delivered at the Loft+Row address in August 2026. (*Id.* at 1-2.) In a second supplement to his motion, Sterrenberg asserts that a second attempt at in-person delivery was made at the same Loft+Row apartment on September 18, during which a resident of the apartment said she did not know Garvin, a property manager stated Garvin does not reside at the complex, and a "worker" stated that Garvin moved out in April 2026. (Dkt. No. 33.)

Sterrenberg states that Willow Ridge is Garvin's last known place of employment and believes Garvin has been made aware of this lawsuit. (Dkt. No. 23 at 2-3.) He seeks court authorization to serve Garvin through Willow Ridge's registered agent, CT Corporation. (*Id.* at 5.) In his September 11 supplement, he also seeks authorization to serve Garvin at the Loft+Row apartment by leaving the summons and amended complaint with a person over 16 years old at that apartment. (Dkt. No. 26 at 3.)

The Court **DENIES** without prejudice Sterrenberg's motion to serve Garvin by alternative methods under Tex. R. Civ. P. 106(b). As to Sterrenberg's request to

serve Garvin by leaving a copy of the summons and amended complaint at Garvin's dwelling with a person of suitable age and discretion who resides there, he is already permitted by Fed. R. Civ. P. 4(e)(2)(B) to do so and does not need Court authorization. The issue—which precludes the Court from authorizing other means of service at the Loft+Row apartment—is that it is Sterrenberg's certainty that Garvin lives at the Loft+Row apartment is not supported the facts presented. Process servers have attempted twice to locate Garvin at the apartment and have been told that she no longer lives there, and there is no evidence that the woman who answered the door on the two attempts was Garvin or knows Garvin.[3] To authorize substituted service, the Court must be shown that the alternative method of service is likely to give Garvin actual notice of the lawsuit. Without more, the Court does not have the requisite confidence that delivering documents to the Loft+Row apartment is likely to apprise Garvin of the lawsuit. And while Sterrenberg infers that Willow Bridge or its employees are acting in concert with Garvin to frustrate his attempts to server her, that inference is not strongly supported by the evidence presented.

The Court also declines Sterrenberg's request to serve Garvin through CT Corporation, which is Willow Bridge's registered agent. Sterrenberg seemingly acknowledges that he is unaware whether Garvin remains employed by Willow Bridge and, even if she is, CT Corporation is not her registered agent. The onus is on

[3] Sterrenberg contends that an "innocent" person would have identified herself when asked her name. The Court disagrees that a person's refusal to identify herself to a stranger at her door by itself suggests something nefarious or suggests that the person was Garvin.

Sterrenberg to locate and serve Garvin, and he cannot offload that responsibility to her employer's (or former employer's) registered agent.

### 2. The Court grants in part Sterrenberg's motion for substituted service on Defendant Kennedy.

In his motion for substitute service as to Defendant Kennedy, Sterrenberg states that he first attempted to serve Kennedy by certified mail, returned receipt requested. (*See* Dkt. No. 21.) He received the green delivery confirmation card, which showed it was delivered on August 24 and signed by Tiffany Kennedy. (Dkt. No. 21 at ECF p. 11.) Sterrenberg alleges, however, that the sticker with the article number was removed from the receipt and avers that its removal manifests an intentional effort to frustrate service. That attempt at service, however, was ineffective for reasons the Court has already addressed. (*See* Dkt. No. 20.) Sterrenberg's process server also attempted personal service of documents at Kennedy's address on September 1, 3, 4, and 5, and was unable to get an answer at the door each time. (Dkt. No. 21 at 4.) Sterrenberg requests authorization to serve Kennedy by leaving the documents at his listed residential address with a person over 16 years old, by securing the documents to the front door of that address, or by leaving the documents with someone over the age of 16 at the business address of Defendant Valet Living, LLC, which is Kennedy's last known employer. (Dkt. No. 21 at 8.)

Sterrenberg has demonstrated diligent efforts to serve Kennedy through personal delivery. And, although his effort to serve Kennedy by certified mail was

ineffective, the fact that Tiffany Kennedy signed for the item provides some verification that Defendant Kennedy resides that the listed address and that delivery of the documents there is reasonably likely to give Defendant Kennedy notice of this lawsuit. The Court therefore **GRANTS** in part Sterrenberg's motion (Dkt. No. 21) to serve Defendant Sam Kennedy by alternative methods. Courts have allowed substituted service by attaching a copy of the summons and operative complaint on the front door of a defendant's residence. *See, e.g.*, *Nat'l Specialty Ins. Co. v. Hope Trans LLC*, No. 3:25-CV-2791-L-BW, 2026 WL 183778, at *2 (N.D. Tex. Jan. 23, 2026). Pursuant to Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106(b), the Court authorizes Sterrenberg to serve Defendant Sam Kennedy by *both* (1) affixing the summons, a copy of the operative complaint, and a copy of this order in a prominent place on the front door of the residence at 3205 Meadowood Drive, Garland, Texas 75040 **and also** (2) mailing the summons, a copy of the operative complaint, and a copy of this order to Defendant Kennedy at 3205 Meadowood Drive, Garland, Texas 75040 via first class mail.

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's motion for extension of time to serve Defendants Garvin and Kennedy. (Dkt. No. 25.) Plaintiff shall show proof of service on all Defendants no later than **November 18, 2026**. No additional extension will be granted absent extraordinary and compelling circumstances.

The Court **DENIES** Plaintiff's motion for substituted service on Defendant Crystal Garvin (Dkt. No. 23) and **GRANTS** Plaintiff's motion for substituted service on Defendant Sam Kennedy (Dkt. No. 21) as set forth in this order.

Plaintiff's motion to expedite consideration of pending motions (Dkt. No. 29) is **DENIED** as moot.

**SO ORDERED** on September 21, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE